# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TED V. CLARK

Plaintiff,

v.

HOME DEPOT U.S.A., INC., a foreign corporation doing business as The Home Depot Store #1513

Defendant.

_____

## COMPLAINT AND JURY DEMAND
_____

COMES NOW Plaintiff Ted V. Clark, by and through his counsel of record, The Gold Law Firm, LLC and the Law Offices of William G. Argeros, and for his Complaint against Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Ted V. Clark, was at the time of the incident at issue in this matter a resident of Palisade, Colorado in Mesa County, Colorado.

2. Defendant Home Depot U.S.A., Inc. is a Delaware foreign corporation registered to do business and doing business in the state of Colorado.

3. At all times relevant, Defendant Home Depot U.S.A., Inc. including on August 18, 2016, was the owner of Home Depot Store #1513, located at 2436 F. Road, Grand Junction, Colorado 80505 in Mesa County, Colorado (hereinafter "the Premises") that is commonly known as Home Depot or Home Depot Store # 1513 (hereinafter "Home Depot #1513"),

and was responsible for the condition of the real property or the activities conducted and circumstances existing on the Premises.

4. Defendant Home Depot U.S.A., Inc. has a principal office street address of 2455 Paces Ferry Road, Atlanta, Georgia 30339.

5. The registered agent for Home Depot U.S.A., Inc. is Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

6. At all times relevant, Defendant Home Depot U.S.A., Inc. was a landowner of the Premises as the term "landowner" is defined under the Colorado Premises Liability Statute, C.R.S. § 13-21-115 and its subparts.

## JURISDICTION

7. The Court has diversity jurisdiction over this action pursuant to USC § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

## FACTUAL STATEMENT

8. Plaintiff incorporates by reference the allegations of all other paragraphs as though fully set forth herein.

9. At all times relevant hereto, Defendant had a non-delegable due to entrants on the Premises such as invitees and licensees.

10. On August 8, 2016 at approximately 4:45 p.m., Plaintiff Ted V. Clark was shopping Home Depot #1513 and as such was an "invitee" on the Premises as invitee is defined under C.R.S. § 13-21-115 and its subparts.

11. As Plaintiff was shopping in the carpet and flooring aisle (Aisle #9) he stepped back to allow another customer to pass by him and fell over one of the forks of a pallet jack that was sticking over the yellow warning line, out into the customer walking aisle.

12. Plaintiff fell on his left elbow, shoulder and left frontotemporal region of his head.

13. Plaintiff sustained serious injuries as the result of the fall including post-concussion syndrome, headaches, and left bicep rupture requiring surgical intervention.

14. Plaintiff, a Certified Public Accountant, has suffered actual damages and losses which were caused by the Defendant, in an amount which will reasonably compensate Plaintiff for the following:

    a. Past and future physical and mental pain and suffering;

    b. Past and future reasonable and necessary medical expenses;

    c. Past and future lost earnings and impairment of earning capacity;

    d. Permanent Impairment;

    e. Disfigurement; and

    f. Emotional distress and loss of enjoyment of life.

15. As a direct and proximate result of Defendant's negligence and/or carelessness and or violation of the Premises Liability Act, Plaintiff has been rendered more vulnerable to subsequent injuries, including but not limited to the risk of additional or other injury.

## FIRST CLAIM FOR RELIEF

### (Colorado Premises Liability Act, C.R.S. § 13-21-115)

16. Plaintiff incorporates by reference the allegations of all other paragraphs as thought fully set forth herein.

17. At the time of Plaintiff's injury, Defendant was a "landowner" within the meaning of C.R.S. § 13-21-115(1).

18. Defendant, in its capacity as a landowner, was responsible for the activities conducted and the conditions existing on its Premises including the use/parking of pallet jacks in or near the shopping aisles of Defendant's Premises.

19. As an invitee on the Premises, Defendant owed Plaintiff a duty of care consistent with that of the presence of an invitee.

20. Defendant Home Deport U.S.A., Inc. and its employees and/or agents knew or in the exercise of reasonable case should have known of the dangers associated with the condition of the Premises or the activities conducted and the circumstances existing on its Premises including the use/parking of pallet jacks in or near the shopping aisles of Defendant's Premises.

21. Defendant Home Depot U.S.A., Inc. and its employees and/or agents owed a duty to Plaintiff to prevent him from incurring injuries as a result of the dangers associated with the condition of the Premises and activities conducted and the circumstances existing on its Premises of which Home Depot U.S.A., Inc. knew or with the exercise of reasonable care should have known.

22. Defendant Home Depot U.S.A., Inc. was legally responsible for the condition of the Premises and for the activities conducted or circumstances existing on its Premises of which it knew or with the exercise of reasonable care should have known.

23. Defendant Home Depot U.S.A., Inc. and its employees and/or agents failed to use reasonable care to protect against the known dangers associated with the condition of the Premises and the activities conducted and the circumstances existing on the Premises

including the use/parking of pallet jacks in or near the shopping aisles of Defendant's Premises.

24. Defendant and its employees/agents were negligent for failing to use reasonable care to protect against the dangers associated with the use/parking of pallet jacks in or near the shopping aisles of Defendant's Premises.

25. Defendant and its employees/agents were negligent for failing to properly train its employees/agents concerning the dangers associated with the use/parking of pallet jacks in or near the shopping aisles of Defendant's Premises.

26. Defendant and its employees and/or agents negligently failed to warn Plaintiff of the dangers associated with Defendant's use/parking of pallet jacks in or near the shopping aisles of Defendant's Premises.

27. At all times material hereto, Defendant had a non-delegable duty to Plaintiff to maintain the Premises in a safe condition and to exercise reasonable case to protect against dangers associated with the activities conducted or circumstances existing on its Premises of which Defendant knew or with the exercise of reasonable care should have known.

28. Defendant's negligence and carelessness described herein was a violation of the Premises Liability Act, C.R.S. § 13-21-115 and created or contributed to an unreasonable risk of harm.

29. Defendant's breach caused Plaintiff injuries, damages and losses which are more fully set forth above.

## SECOND CLAIM FOR RELIEF

### (Negligence)

30. Plaintiff incorporates by reference the allegations of all other paragraphs as though fully set forth herein.

31. The Plaintiff falling over the fork of the pallet jack,, described above, on Defendant's Premises was caused by Defendant's negligence.

32. Defendant was negligent for failing to do an act which reasonably careful persons would do, or for doing an act which reasonably careful persons would not do under the same or similar circumstances to protect themselves or others from bodily injury and property damage.

33. Defendant acted or failed to act, which, in natural and probable sequences, produced Plaintiff's injuries and without which Plaintiff's injuries would not have occurred.

34. Injury to people in Plaintiff's situation was a reasonably foreseeable consequence of Defendant's negligence.

35. Defendant's negligence was a cause of Plaintiff's injuries, damages and losses which are more fully set forth above.

## THIRD CLAIM FOR RELIEF

### (*Respondeat Superior*)

36. Plaintiff incorporates by reference the allegations of all other paragraphs as though fully set forth herein.

37. Upon information and belief, the pallet jack at issue, had been parked improperly by an employee or employees of Home Depot U.S.A., Inc. with one fork sticking out into the customer walking aisle.

38. Pursuant to the doctrine of *respondeat superior*, Defendant Home Depot U.S.A., Inc., was liable for the conduct of its employees and agents.

39. As the direct and proximate result of the negligence of Home Depot U.S.A., Inc., Plaintiff sustained the injuries, damages and losses as more fully set forth above.

WHEREFORE, Plaintiff, requests that the Court enter judgment in his favor, for an amount as determined by the evidence in compensatory damages, and awarding costs as allowed by law, including expert witness fees, filing fees, prejudgment interest from the date of the incident, post judgment interest and all other fees, costs and damages as allowed and permitted by law.

## **JURY DEMAND**

Plaintiff requests a jury on all issues so triable.

Respectfully submitted this 17th day of April, 2018.

                THE GOLD LAW FIRM

                BY: */s/ Dorothy H. Dean*
                Gregory A. Gold, # 26064
                Dorothy H. Dean, #13292
                The Gold Law Firm, LLC
                7375 East Orchard Road, Suite 300
                Greenwood Village, CO 80111
                Telephone: (303) 694-4653
                Facsimile: (303) 468-6155


                LAW OFFICES OF WILLIAM G. ARGEROS

                BY: */s/ William G. Ageros*
                William G. Argeros, #33621
                Law Offices of William G. Ageros
                49 Bobcat Lane
                Redstone, CO 81623
                Telephone: (970) 923-6100

                *Plaintiff's Attorneys*

Plaintiff's Address
3875 F & ¾ Road
Palisade, CO 81526