IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-CV-00899-REB-GPG

**TED V. CLARK,**

Plaintiff,

v.

**HOME DEPOT, U.S.A., INC., a foreign corporation doing business as The Home Depot Store # 1513**

Defendant.

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE DATED APRIL 9, 2019

Comes Now Plaintiff's counsel, The Gold Law Firm, LLC, and responds as follows to the Order to Show Cause entered by this Court dated April 9, 2019.[1]

### INTRODUCTION AND THE COURT'S SHOW CAUSE ORDER

On March 19, 2019, counsel for the parties participated in a telephone Discovery Dispute Conference, the Honorable United States Magistrate Judge Gordon P. Gallagher presiding. Gregory Gold, Dorothy Dean and William Argeros appeared on behalf of Plaintiff and Arthur Smith appeared on behalf of Defendant.

---

[1] As an initial matter, Plaintiff's counsel wish to acknowledge Footnote 3 in the Court's Order Regarding Discovery Dispute Surrounding Expert Tim Wiese. Plaintiff's counsel take responsibility for the comments, and the tone of comments, made in emails to opposing counsel as referenced by the Court. Regardless of how these exchanges occurred, Plaintiff's counsel regret that the communications between Plaintiff's counsel and Defendant's counsel deteriorated and assure the Court this will not happen again.

In advance of the hearing, the parties prepared a joint Discovery Issue Dispute Chart in accordance with this Court's Discovery Dispute Procedures. Plaintiff included the following Issue in that Chart and Defendant responded as shown:

| Issues related to Defense counsel's likely, but as of yet unconfirmed, ex-parte contact with the employer of Plaintiff's retained expert, Tim Wiese, affecting scheduling and testimony | P's counsel has requested that D's counsel respond to the following inquiry:<br><br>On a different topic which may affect the scheduling of depositions and other matters: have you or anyone from your office contacted any of our experts or their offices/employers to discuss anything other than the scheduling of depositions? Specifically, have you or someone from your office been in contact with Tim Wiese's employer, Floor and Décor? If so, please specify the nature of that contact or contacts, who was contacted, when that contact or contacts occurred, and please disclose the exact nature of what you or any one from your office/any agent of yours discussed with Floor and Décor. Please also provide us with a copy of any written communications that may have been exchanged. | After receiving a 2nd RFP from Home Depot, Plaintiff waited 30 days to say that no response was being provided because too many requests were served. Plaintiff stands on that position even now. Plaintiff then propounds these 6 interrogatories and 1 request for production by email last Friday afternoon, and makes unsupportable demand for response on the same day. Were Plaintiff now to serve these 6 interrogatories and 1 RFP, the deadline to respond would be after the discovery deadline. But Plaintiff opposes Home Depot request for extension of the discovery deadline. Moreover, all requests seek to discover matters of investigation that are protected by the work product doctrine, much like any investigation by Plaintiff of Home Depot experts (e.g., contacting other attorneys who have deposed them, contacting other experts who have opposed them, or looking in to their professional experience) is not subject to discovery. |

2

At the time the Chart was filed with the Court (March 18, 2019), Plaintiff's counsel had become aware of a contact by defense counsel with Floor and Décor, the employer for Plaintiff's retained liability expert, Tim Wiese. As summarized in the attached Affidavit of Gregory A. Gold, Esq. ("Gold Affidavit"), **Exhibit 1**, Plaintiff's counsel first became aware of this contact on the evening of March 14, 2019, upon receipt of an email from Mr. Wiese in which he indicated:

> Its with regret that I will need to withdraw my services in the Clark v. Home Depot case. Floor and Décor's counsel called me today to discuss the case after Home Depot's counsel reached out. I was asked by them to withdraw immediately.

**[Exhibit 2 to DOC. 41].**

As is summarized in the Gold Affidavit, Plaintiff's counsel undertook immediate action to investigate this contact, including initiating contacts with two Colorado ethics experts (Gary B. Blum, Esq. and James S. Sudler, Esq)[2] to determine whether Mr. Smith's contact(s) with Mr. Wiese's employer violated the Colorado Rules of Professional Conduct. On March 15, 2019, the Gold Law Firm retained attorney James S. Sudler to research the issue and provide a written report as to whether defense counsel's conduct had violated the Rules of Professional Conduct. See Gold Affidavit and Affidavit of James S. Sudler, Esq. ("Sudler Affidavit"), **Exhibit 2,** filed herewith and incorporated herein by this reference as though fully set forth.

---

[2] Both counsel sit on the Ethics Committee of the Colorado Bar Association and have dedicated their legal careers to guiding lawyers in matters of law and ethics. It is undersigned counsel's practice to always seek the advice of independent counsel in matters related to the law of ethics rather than relying solely on the attorneys in undersigned's firm.

By March 18, 2019, Plaintiff's counsel believed there was a reasonable basis for bringing defense counsel's conduct to the Court's attention and the issue was included in the Discovery Dispute Chart.

On March 19, 2019, at the conclusion of the Discovery Conference, the Court stated that the issue was too complex to resolve during the time allotted, and ordered the parties to submit simultaneous written briefing of their positions within ten days.

Once ordered to brief the issue, Plaintiff's counsel continued their consultation with Mr. Sudler and prepared Plaintiff's Brief in Response to Court's Order [Doc. 41] Re: Unauthorized, Ex-Parte Contact by Defense Counsel. The additional information gained by Plaintiff's counsel, the events which occurred (firing of Mr. Wiese) and the written report provided to Plaintiff's counsel between the time of the Discovery Dispute Conference and the submission of Plaintiff's Brief are detailed in the Gold and Sudler affidavits. Plaintiff advised the Court that the issue presented (opposing counsel's ex-parte communication with the employer of the party's retained expert) appeared to be one of first impression in Colorado and the Tenth Circuit. Plaintiff provided the Court with case authority supplied by Mr. Sudler, concerning the violations of the Rules of Professional Conduct believed to be implicated by defense counsel's conduct.[3]

Subsequently, the Court considered the briefing submitted by both parties and denied Plaintiff's request for sanctions. In its Order, the Court ordered Plaintiff to inform the Court within ten days whether Plaintiff intends to proceed with Mr. Wiese as Plaintiff's expert and to show cause "as to why the Court should not Order Plaintiff to pay Defendant's fees and costs for

---

[3] Important for the Court's consideration on this Rule 11 issue, is that the Defendant did not provide the court with any case citation which would permit Home Depot (or any party in any litigation) to have ex-parte communications, of any kind or for any purpose, with the specially retained expert of the opposing party.

4

litigation of this issue on the basis that Plaintiff has violated Rule 11(b)(1) & (2) by so litigating this issue." Plaintiff's response as to why Plaintiff has not violated Rule 11 (b)(1) or (2) and why Plaintiff should not be ordered to pay Defendant's fees and costs for litigation on this issue follows.

### **PLAINTIFF HAS NOT VIOLATED RULE 11, AS HIS PRESENTATIONS TO THE COURT WERE REASONABLE UNDER THE CIRCUMSTANCES, WERE NOT FRIVOLOUS AND WERE NOT INTERPOSED FOR ANY IMPROPER PURPOSE**

### **Federal Rule of Civil Procedure 11**

Fed. R. Civ. P. 11(b)(1) and (2) provide as follows:

> (b): **Representations to the Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry **reasonable under the circumstances,**
>
> (1) It is **not being presented for any improper purpose**, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> **(2)** The claims, defenses and other legal contentions therein **are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;**

(Emphasis added).

Under Rule 11, an attorney has a duty to refuse to sign and file any pleading, motion, or other paper that is either (1) frivolous, because it is not well-grounded in fact or not warranted by existing law (or a good faith argument for the extension, modification, or reversal of the existing law); or (2) is interposed for any "improper purpose." These two tests are measured under the same objective standard.

5

As demonstrated by the affidavits of Gold and Sudler, Plaintiff had sufficient factual and legal support, based on the information available to Plaintiff, at the time of the Discovery Dispute Conference, to make it reasonable under the circumstances for Plaintiff's counsel to bring the issue of defense counsel's conduct to the Court's attention. Plaintiff also acted in good faith and without improper purpose in arguing for remedies based on an extension of existing law, supported by decisions rendered in other jurisdictions. This is particularly true because counsels' decision to raise the issue and the arguments put forward by Plaintiff were supported by the independent report provided to Plaintiffs' counsel by Mr. Sudler.

## **CONCLUSION**

Plaintiff therefore respectfully requests that the Court find that no violations of Rule 11 have occurred and respectfully requests the Court to find that the imposition of sanctions is not warranted.

Respectfully submitted this 19th day of April, 2019.

                                       BY: */s/ Gregory A. Gold*
                                       Gregory A. Gold, #26064
                                       Dorothy H. Dean, # 13292
                                       The Gold Law Firm, LLC
                                       7375 East Orchard Road, Suite 300
                                       Greenwood Village, CO  80111
                                       Telephone: (303) 694-4653
                                       Fax: (303) 468-6155
                                       Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 19th of April, 2019, a true and correct copy of the foregoing was filed via ECF and served on all counsel of record.

                                                          */s/Natasha Koeplin*
                                                          Natasha Koeplin, Paralegal